

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-18-00218-CR

LARRY CRAIG MADORE                                             APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1527527R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Larry Craig Madore attempts to appeal from his conviction and his forty-five-year sentence for continuous sexual abuse of a young child along with his convictions and his ten-year consecutive sentences for three counts of sexual assault of a child.[2]   Because the record does not establish that he

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. §§ 21.02(b), 22.011(a) (West Supp. 2017).

properly invoked our jurisdiction by filing a timely notice of appeal, we dismiss the appeal.

On February 8, 2018, the trial court sentenced Madore with respect to all four of his convictions. He filed a timely motion for new trial. Therefore, his notice of appeal was due ninety days after his sentencing date, on May 9, 2018. *See* Tex. R. App. P. 4.1(a), 26.2(a)(2). He filed a notice of appeal on May 10, 2018—one day late—and did not file a motion for an extension of time to file the notice of appeal. *See* Tex. R. App. P. 26.3(b).

We sent Madore a letter expressing our concern that we lack jurisdiction because the notice of appeal was not timely. We informed him that unless he showed grounds for continuing the appeal, we would dismiss it. We told him that his response was to be verified if it depended on facts outside the record. *See* Tex. R. App. P. 10.2(a).

Madore responded to our letter with an unverified letter. In the letter, his counsel stated that a "paper copy of a notice of appeal . . . was submitted to the clerk's office by hand on March 9, 2018[,] but its whereabouts are unknown." Counsel stated that he had "tried to correct the problem between the trial court and this court" but that he was "not exceedingly familiar with appellate practice."

We asked the State to respond to counsel's letter. In the State's response, it represented that a prosecutor had reviewed the trial court's file and that no "paper copy" of a March 2018 notice of appeal appeared in the file. The State

2

also emphasized that in Madore's letter to this court, he did not attach a copy of the "purported March 9, 2018 hand-delivered notice of appeal."

A timely notice of appeal is essential to our jurisdiction; without a timely notice of appeal or a timely motion for extension of time to file the notice of appeal, we must dismiss the appeal. *See* Tex. R. App. P. 25.2(b), 26.2(a), 26.3(b); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

To the extent that Madore relies on the purported March 2018 "paper copy" to contend that he timely filed a notice of appeal, such a notice of appeal does not appear in the trial court's record, nor has Madore supplied a replica of the "paper copy" to this court. Furthermore, the parties have not stipulated that Madore filed that document in March 2018, nor has Madore filed a motion for the trial court to determine whether that document was filed but has been lost. *See* Tex. R. App. P. 34.5(e). Thus, we conclude that we cannot predicate our jurisdiction on Madore's unsworn representation that he filed a notice of appeal in March 2018.

We must therefore determine the effect of Madore's May 10, 2018 notice of appeal. As explained above, that notice of appeal was one day late, and although Madore filed it within the time for filing a motion for the extension of time to file a notice of appeal, he did not file such a motion. *See* Tex. R. App. P. 26.3(b). Under these circumstances, the notice of appeal was insufficient to invoke our jurisdiction. *See* Tex. R. App. P. 25.2(b), 26.2(a)(2), 26.3(b); *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996) ("When a notice of appeal,

3

but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction."); *see also Curtale v. State*, No. 02-16-00256-CR, 2016 WL 5845929, at *1 (Tex. App.—Fort Worth Oct. 6, 2016, no pet.) (mem. op., not designated for publication) ("Because appellant's notice of appeal was one day late and because he did not file a motion to extend the time for filing the notice of appeal, we dismiss the appeal for want of jurisdiction.").

For these reasons, we dismiss this appeal for want of jurisdiction.


/s/ Wade Birdwell
WADE BIRDWELL
JUSTICE

PANEL:  SUDDERTH, C.J.; WALKER and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 19, 2018

4